**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**GEORGE JOHNSON,**

    **Plaintiff,**

v.                                                  **Case No. 8:08-cv-1802-T-TBM**

**MICHAEL J. ASTRUE,
Commissioner of the United States
Social Security Administration,**

    **Defendant.**
_____/

## O R D E R

The Plaintiff seeks judicial review of the denial of his claim for Social Security disability benefits and Supplemental Security Income payments. For the reasons set out herein, the decision is affirmed.

I.

Plaintiff was fifty-two (52) years of age at the time of his administrative hearing in June 2007. He stands five feet, eight inches tall and weighed approximately 215 pounds. Plaintiff has an eighth-grade education. His past relevant work was as a truck driver, custodian, and warehouse worker. Plaintiff applied for disability benefits and Supplemental Security Income payments in April 2004, alleging disability as of August 6, 2002, by reason of

neck and back pain, osteoarthritis, fibromyalgia, and depression. The applications were denied originally and on reconsideration.

The Plaintiff, at his request, then received a *de novo* hearing before an Administrative Law Judge ("ALJ"). The Plaintiff was represented at the hearing and testified in his own behalf. Additionally, a vocational expert was called by the ALJ.

Plaintiff testified that he has performed no work since August 2002. He is unable to work because of back problems he identifies as degenerative disc disease and spondylosis. By his account, the condition prevents him from sitting or standing for long. Plaintiff stated the pain extends from his neck to his tailbone. Coupled with his COPD, high blood pressure, and diabetes, the conditions prevent him from working at any job. He suffers from shortness of breath which requires him to stop when he walks. He also claims to suffer from peripheral vascular disease ("PVD") which causes him leg pain. His heart condition causes his heart to race. His weight is up to 215 pounds from 175 pounds when he was working. At night, he is unable to get comfortable sleep and cannot sleep because of pain. Although he is supposed to use oxygen, he has no benefits to cover the cost.

Plaintiff estimates he can lift three pounds but his arms give out; he can stand or sit four to five minutes but then must change position due to his pain. As for walking, he estimated that he could walk for perhaps a minute or two. He is unable to bend over and touch his toes. Plaintiff indicated that when he uses the bathroom he has to sit rather than stand because of his pain.

On a typical day, Plaintiff reads some, watches television, and sleeps about two to three hours. He does no cooking, cleaning, or laundry. He does not socialize because he has no friends and apart from reading, he has no hobbies. He can drive short distances, but he gets very uncomfortable. He estimates he drives no more than fifty miles per month to go to the library or store. Plaintiff resides with his father, girlfriend, and two step-daughters. His care is through a county health agency, but he claims he cannot see a specialist due to his lack of funds and health coverage. (R. 497-509).

The ALJ next took testimony from Tennyson Wright, a vocational expert ("VE"). The VE opined that if Plaintiff's testimony was fully credited he would be unable to engage in any competitive employment. However, on an assumption of an individual who could perform light exertional work with a sit/stand option but only in a temperature-controlled environment, avoiding gases, fumes, pollutants, and other irritants, the VE testified such individual could not perform Plaintiff's past work but could perform work such as a small products assembler, cashier, or office helper. Plaintiff's representative had no questions for the VE. (R. 509-11).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are set forth herein as necessary. Plaintiff had disability insurance coverage through December 31, 2006.

By his decision of August 17, 2007, the ALJ determined that while Plaintiff has severe impairments related to degenerative disc disease, spondylosis, osteoarthritis, high blood pressure, diabetes mellitus, and chronic obstructive pulmonary disease, he nonetheless had the residual functional capacity to perform light exertional work with a sit/stand option

3

and in a clean, temperature-controlled environment. Upon this finding and the testimony of the VE, the ALJ concluded that while Plaintiff could not perform his past work, he could perform jobs available to him in the local and national economy. Upon this conclusion, the Plaintiff was determined to be not disabled. (R. 19-27). The Appeals Council considered additional argument and denied Plaintiff's request for review.

II.

In order to be entitled to Social Security disability benefits and Supplemental Security Income payments a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.* at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to

4

the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

III.

The Plaintiff raises three claims on this appeal. As stated by the Plaintiff, they are as follows:

(1) The ALJ erred by failing to find that the Plaintiff's conditions of peripheral vascular disease and obesity were severe impairments;

(2) The ALJ did not properly consider the Plaintiff's complaints of sleep deprivation under the Eleventh Circuit pain standard; and

(3) The ALJ failed to fully develop the record.

By his first claim, Plaintiff urges that the medical record supports that he suffers from severe conditions related to his mild peripheral vascular disease ("PVD") and obesity. By this argument, the ALJ erred by not finding these impairments severe and by failing to fully consider them in combination with his other impairments in assessing his functional limitations. He urges that the case should be remanded for further consideration of these severe conditions in combination with his other impairments.

In response, the Commissioner urges that there is no error in step two of the five-step evaluation process because the ALJ fully credited Plaintiff with a number of severe impairments. Failure to include either at this step was not error. As for the alleged failure to consider PVD and obesity in the residual functional capacity ("RFC") assessment, the Commissioner urges that the substantial evidence supports the ALJ's determination that these impairments caused no functional or work-related limitations. While the medical records may have supported Plaintiff suffered from PVD and obesity, they failed to include any functional limitations imposed by a doctor for these conditions. Further, the failure of the ALJ to expressly mention PVD is not significant where, as here, the ALJ properly discounted Plaintiff's complaints of pain.

The Social Security Regulations set forth a five-step sequential evaluation process the Commissioner must follow in determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1241 n.10 (11th Cir. 2004). Step one requires the claimant to demonstrate that he is not presently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). At step two, the claimant must show that he has a medically severe impairment or combination of impairments. *Id.* at §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). At step three, if a claimant can show that his impairment meets or is equivalent to a listed impairment, he is presumed to be disabled and entitled to benefits. *Id.* at §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant is unable to demonstrate such, he continues to step four, which requires the claimant to show that his impairment or combination of impairments prevents him from performing his past work. *Id.* at §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five. *Phillips*, 357 F.3d at 1241, n.10. At step five, the Commissioner must show that the claimant retains the residual functional capacity to perform work in the national economy, given his age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary. 20 C.F.R. §§ 404.1520, 416.920.

The Commissioner is correct that insofar as Plaintiff complains of the step two evaluation by the ALJ, there is no error. Here, the ALJ determined that Plaintiff suffered severe impairments related to his degenerative disc disease, spondylosis, osteoarthritis, high

7

blood pressure, diabetes mellitus, and COPD. Such finding was made in accordance with the applicable standard, and the failure to find additional severe impairments at this step is not grounds for remand. *See Jamison v. Bowen,* 814 F.2d 585, 588 (11th Cir. 1987) (". . . the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement at step two."). However, the failure to fully credit a claimant with all his impairments can result in error at step four where the ALJ must determine the claimant's RFC. Nonetheless, after review of the medical records and consideration of the decision, I conclude Plaintiff fails to demonstrate an error requiring remand on this claim.

Initially, it must be observed that Plaintiff made no effort at the hearing nor does he demonstrate on this appeal that his PVD or his obesity significantly affected his functional capacity. The medical record on these conditions is sparse. While there was a finding in March 2005, of "mild" PVD in the left lower extremity (R. 445), I can find no support for any significant functional limitations from the condition that were not otherwise accounted for by the ALJ. Upon my consideration of the medical record, even if the ALJ should have acknowledged the condition, his failure to do so in this case was entirely harmless and a remand would serve no useful purpose. Significant to this conclusion is the fact that while Plaintiff raises an issue concerning the ALJ's consideration of his subjective complaints on this appeal, he makes no complaint or showing that the ALJ did not fully and fairly address the complaints of pain, including his alleged leg pain.

Similarly, the mere notation of "obesity" in a few progress notes is of little significance absent some indication that the condition caused limitations not otherwise considered by the ALJ. Again, Plaintiff makes no effort to demonstrate additional limitations which might warrant a remand and further consideration. Accordingly, he is not entitled to relief on this claim.

By his second claim, Plaintiff cites a number of complaints in the medical record by him or his girlfriend related to his problems getting more than a couple of hours of uninterrupted sleep each night. Although he did not expressly complain of daytime drowsiness or fatigue to the ALJ as a result, he now urges error and the need for remand because "he implicitly eluded to these symptoms by complaining of lack of sleep" (Doc. 17 at 9). Thus, despite failing to raise the matter, Plaintiff urges that the ALJ should have inquired how his lack of sleep affected him during the day, and the ALJ's failure to so inquire makes a remand for further consideration necessary.

Initially, one again wonders why Plaintiff's representative did not make the further inquiry Plaintiff now suggests is missing from this record. Further, while Plaintiff did complain that pain prevented him from getting comfortable and sleeping, he made no claim of fatigue as a consequence. In the circumstances, the ALJ can hardly be faulted for not considering a symptom not claimed. Furthermore, the decision reflects that the ALJ considered Plaintiff's subjective evidence under the proper regulatory standard, crediting Plaintiff with medical conditions reasonably to be expected to produce the alleged symptoms, although not to the extent that such were disabling from all work. Despite not mentioning the Eleventh Circuit's "pain standard," the decision reflects that it was applied. *See Wilson v.*

*Barnhart,* 284 F.3d 1219, 1226 (11th Cir. 2002). In sum, Plaintiff does not here demonstrate any error in the ALJ's assessment and conclusions in this regard. Plaintiff's second claim is without merit.

On his final claim, Plaintiff cites to the ALJ's duty to fully and fairly develop the record and urges that the lack of medical records in the claim file for the period between October 3, 2005, through the date of decision dictated that the ALJ update the record through a consultative examination and assessment of the Plaintiff's RFC. Since the lack of records was due to Plaintiff's lack of funds and health benefits, a remand for such further evaluation is appropriate.

In response, the Commissioner urges that the ALJ did not err in failing to order another consultative examination as the record was adequate to allow an informed decision, and Plaintiff fails to demonstrate otherwise. The Commissioner also questions Plaintiff's claim that he had no access to healthcare given that the medical records reveal he received such care during 2003 through 2005. In sum, the Commissioner urges that Plaintiff simply failed to establish his disability.

It is well-settled that the ALJ has a basic duty to develop a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). This obligation exists whether or not the claimant is represented by counsel. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). In light of this obligation, an ALJ must order a consultative examination when "such an evaluation is necessary for him to make an informed decision." *Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir. 1988) (quoting *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984)); *see also Wilson v. Apfel*,

179 F.3d 1276, 1278 (11th Cir. 1999). However, case law in this circuit requires the Plaintiff to show some prejudice before a remand to the Commissioner for further development is ordered. *See Graham*, 129 F.3d at 1423. Even under this standard, it is the claimant's burden to prove that he is disabled and he is responsible for producing evidence in support of his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(a), (c)).

First, it is troubling that this claim is made for the first time on appeal and that the ALJ was not given the opportunity to consider any such request. As a general rule, an argument not raised in the administrative hearing cannot be raised on appeal. *See Alacare Home Health Servs., Inc. v. Sullivan,* 891 F.2d 850, 855 n.5 (11th Cir. 1990) (citing *United States v. Tucker Truck Lines,* 344 U.S. 33, 35-36 (1952)). For this reason alone, Plaintiff is not entitled to relief. However, even assuming the matter is properly raised, Plaintiff fails to demonstrate that another consultative evaluation was required for an informed decision in this case. Here, the ALJ concluded Plaintiff had the RFC for a limited range of light exertional work. Plaintiff makes no effort to demonstrate any error in this conclusion from the extant medical record, only suggesting that maybe the result would be different if a remand was ordered. Significantly, neither Plaintiff, nor his representative, claimed at any time that his condition had worsened since his last visit to the doctor. Further, there is no clear showing that the lack of more recent records was the product of Plaintiff's financial circumstances. As the Commissioner notes, the Plaintiff was receiving his medical care in Florida from a county health department. At his hearing in June 2007, Plaintiff did testify that he had not seen a doctor in months, but he actually made no claim that health care was no longer available to

him. Indeed, when he was asked whether he received treatment for his problems, he answered affirmatively, indicating that his care was through the health department but not through a specialist. Then, when asked who had denied him treatment because of his finances, Plaintiff stated "all the doctors." Upon my review, this simply is not the case. In fact, in addition to county records, there were records from Spring Hill Regional Hospital, pulmonary specialists, and a pain management doctor– all of which call into question Plaintiff's veracity on his lack of care. On this record, I am unwilling to find fault in the ALJ or, more to the point, any error in his failure to call for another consultative examination before deciding the Plaintiff's RFC for light work, which is not otherwise challenged by the Plaintiff.

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence. The decision is affirmed. Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the file.

**Done and Ordered** at Tampa, Florida, this 13th day of November 2009.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record